UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HELEN SWARTZ, individually,

                                 Plaintiff,

                - against -

HCIN WATER STREET ASSOCIATES, LLC,
a Delaware Limited Liability Company,

                                 Defendant.

**OPINION AND ORDER**

17 Civ. 4187 (ER)

---

Ramos, D.J.

Pending before the Court is Plaintiff's motion for an award of reasonable attorney's fees and costs pursuant to 42 U.S.C.A. § 12205. For the reasons discussed below, the Court awards Plaintiff's counsel a total of $36,537.

**I.    Background**

Helen Swartz ("Plaintiff") brought this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), alleging, *inter alia,* that HCIN Water Street Associates, LLC ("Defendant"), discriminated against her by failing to comply with the obligations of the ADA with respect to Defendant's hotel, Holiday Inn Express. Swartz alleged that she encountered a series of architectural barriers at the hotel that deprived her of full access to the hotel's facilities and amenities, in violation of the mandates of the ADA. The parties entered into a confidential settlement agreement resolving these claims, but left it to the Court to determine the appropriate award of attorney's fees and costs.

Plaintiff is represented in this matter by Lawrence A. Fuller. Mr. Fuller is a graduate of the University of Miami School of Law. Pl.'s Mem. Ex. 1. After graduating, he worked as clerk

on the Florida Supreme Court. *Id.* Mr. Fuller has been a practicing attorney for more than 43 years and has specialized in civil rights litigation for more than 18 years, litigating many ADA Title III cases. Pl.'s Mem. ¶ 5; Def.'s Opp'n at 2; *see also, Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04CIV.6620 (GBD)(FM), 2006 WL 196969, at *3 (S.D.N.Y. Jan. 26, 2006) (noting that Mr. Fuller's firm, Fuller, Fuller & Associates, represented the plaintiff in that case in at least 92 ADA actions within the prior two years).

On April 16, 2018, Plaintiff filed the instant motion for an award of attorney's fees and costs, totaling $45,309.50. Pl.'s Reply Ex. 1. Plaintiff seeks compensation for 79.9 hours of attorney work at a rate of $425 per hour and 0.8 hours of paralegal work at a rate of $115 per hour. *Id*. Plaintiff also seeks compensation for expenses incurred, including expert fees, amounting to $11,260. *Id.* Defendants object to Plaintiff's motion on the grounds that (1) Plaintiff failed to support Mr. Fuller's requested hourly rate, (2) the number of hours expended in the litigation is unreasonable, (3) Plaintiff failed to support the award of paralegal fees, and (4) several of the expenses Plaintiff seeks to recover are unreasonable and/or insufficiently supported.

## II.  Legal Standards

Pursuant to 42 U.S.C.A § 12205, a court may award the prevailing party in an ADA action a reasonable attorney's fee, including litigation expenses, and costs. 42 U.S.C.A. § 12205. "A party prevails when actual relief on the merits of his [or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lazarus v. Cty. of Sullivan*, 269 F. Supp. 2d 419, 421 (S.D.N.Y. 2003) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) (citations omitted)) (quotation marks omitted). "Under the ADA, consent decrees may serve as the basis for an award of attorney's

fees . . . Although consent decrees do not always contain an admission of liability, they nonetheless effectuate a change in the legal relationship of the parties . . . [and therefore] create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* (citing *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 604 (2001)) (internal citations and quotation marks omitted). Swartz, having entered into a settlement agreement with Defendant, may therefore be awarded reasonable attorney's fees and costs as the prevailing party in this action.

As outlined by the Second Circuit, calculating a reasonable fee requires an inquiry into the reasonable hourly rate and multiplying that figure by the reasonable number of hours worked. *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011) (stating that this figure is known as the "lodestar" amount). In determining the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Ognibene v. Parkes*, No. 08 Civ. 1335 (LTS), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). This determination should take into account "all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate, including the so-called *Johnson* factors, while also bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Harty v. Par Builders, Inc.*, No. 12-CV-2246 (CS), 2016 WL 616397, at *2 (S.D.N.Y. Feb. 16, 2016) (quotation marks omitted) (footnote omitted).

In determining the reasonable number of hours worked, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*,

3

579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A court may discount a fee award when, for example, attorneys seek compensation for less-skilled work or furnish time entries that lack "sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed." *Mautner v. Hirsch*, 831 F. Supp. 1058, 1077–78 (S.D.N.Y. 1993), *aff'd* in relevant part, 32 F.3d 37 (2d Cir. 1994).

Ultimately, a district court has broad discretion in setting fee awards. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987). "In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." *Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) (citation omitted).

### III. Discussion

#### A. <u>Attorney's Fees</u>

##### i. *Mr. Fuller's Reasonable Hourly Rate*

Plaintiff asserts that a reasonable hourly rate for Mr. Fullers work on this case is $425, while Defendant argues that $375 is appropriate. Defendant cites cases in this District awarding attorney's fees at rates between $240 and $400 per hour, concluding that $375 per hour is in line with the prevailing market rates in the Southern District of New York for similar services by similarly situated lawyers. Def.'s Opp'n at 5. Plaintiff cites cases within the same range, but argues that a higher hourly rate of $425 is reasonable when the rates awarded in these cases are adjusted for inflation. Pl.'s Mem. ¶ 6.

The reasonable hourly rate should be "based on market rates in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill,

4

experience, and reputation." *Harty v. Par Builders, Inc.*, No. 12-CV-2246 (CS), 2016 WL 616397, at *2 (S.D.N.Y. Feb. 16, 2016). "It is well-established that the prevailing community a district court should consider ... is normally the district in which the court sits." *Id.* (quoting *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006)). Precedent in the Southern District of New York suggests that "the customary rate for experienced litigators representing clients in ADA matters ranges from $350 to $375 per hour." *Kreisler v. Second Ave. Diner Corp.*, No. 10 CIV. 7592 RJS, 2013 WL 3965247, at *2 (S.D.N.Y. July, 31 2013) (collecting cases) (awarding a higher rate of $400 per hour due to inflation); *E.g. Harty,* 2016 WL 616397, at *4 (awarding $375 per hour).

Given that Mr. Fuller has litigated several ADA cases in this district, the rates courts have awarded him in such cases are particularly instructive. In a number of similar ADA cases decided in this district between 2005 and 2014, Mr. Fuller has requested fees at an hourly rate of $425, but been awarded rates of either $350 or $375. *See Access 4 All, Inc. v. Park Lane Hotel,* No. 04 CIV. 7174 SASJCF, 2005 WL 3338555, at *5 (S.D.N.Y. Dec. 7, 2005) (awarding $350 per hour); *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04CIV.6620 (GBD)(FM), 2006 WL 196969, at *3 (S.D.N.Y. Jan. 26, 2006) (awarding $350 per hour)*; Spalluto v. Trump Int'l Hotel & Tower,* No. 04CIV.7497(RJS) (HBP), 2008 WL 4525372, at *13 (S.D.N.Y. Oct. 2, 2008) (awarding $375 per hour)*; Access 4 All, Inc. v. Mid-Manhattan Hotel Assocs. LLC*, No. 13-CV-7995 JMF, 2014 WL 3767009, at *3 (S.D.N.Y. July 31, 2014) (awarding $375 per hour).

Taking into consideration the foregoing authority awarding to Mr. Fuller and other similarly situated practitioners hourly rates between $350 and $400, and adjusting for inflation, the Court finds that the hourly rates proposed by both parties of $375 and $425 fall within the range of reasonable hourly rates prevailing in the Southern District of New York.

Swartz relies heavily on Mr. Fuller's significant experience, in particular with civil rights law and ADA cases, to justify her request for the higher rate of $425. Pl.'s Mem. ¶ 5; Pl.'s Reply at 2. She further explains that this matter required a substantial amount of time and labor on Mr. Fuller's part and that, as a result of his efforts, the parties entered into a confidential settlement agreement requiring Defendant to undertake substantial corrective action. Pl.'s Mem. ¶¶ 11, 12. Defendant does not dispute Plaintiff's assertions about Mr. Fuller's qualifications, that he expended substantial efforts, nor that he obtained results requiring substantial corrective action. Defendant instead argues that the fact that this was a straightforward ADA case without any complex or novel issues justifies a downward adjustment to the requested hourly rate from $425 to $375. Def.'s Opp'n at 5.

In setting the reasonable hourly rate the Court must consider all of the "case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees", as well as the notion that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Harty*, 2016 WL 616397, at *2 (internal citations and quotation marks omitted) (footnote omitted). The court in *Margolies v. Cty. of Putnam N.Y.*, No. 09 CIV. 2061 RKE GAY, 2011 WL 721698, at *2 (S.D.N.Y. Feb. 23, 2011) outlined the factors to consider:

> [T]he district court should consider the following factors enumerated in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See *Arbor Hill*, 522 F.3d at 186 n. 3 (citing *Johnson*, 488 F.2d at

6

717–19). In addition to the *Johnson* factors, the district court should also consider: the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation. *See id.* at 184.

The Court first addresses the "results obtained" in this case as this has been said to be the most important factor. *Harty*, 2016 WL 616397, at *2 ("[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees . . . is the degree of success obtained by the plaintiff") (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008)) (quotation marks omitted). The Court finds that Plaintiff achieved success in light of parties reaching a settlement and the undisputed fact that Defendant undertook "substantial corrective action." *E.g., id.* at *3 ("[T]he Court finds that [p]laintiff achieved success in this matter, as evidenced by the parties successfully reaching a settlement, and the undisputed fact that [p]laintiff is the prevailing party.")

Next, the Court considers the experience, reputation, and ability of Mr. Fuller. Pl.'s Mem. Ex. 1. Mr. Fuller's vast experience a civil rights attorney is clearly demonstrated by his resume and is undisputed by Defendant. The Court finds that Mr. Fuller's qualifications support an hourly rate near the top of the range.

Finally, the Court addresses Defendant's argument that the relative simplicity of the case and the lack of novel or complex issues in the case justify a downward reduction in Plaintiff's requested rate. Def.'s Opp'n at 5. Notably, for civil rights cases in the Southern District of New York, some courts have found that "awards exceeding $400 per hour are only warranted in

unusually difficult and complex cases." *Bowman v. Realty*, No. 14-CV-5423 (JMF), 2016 WL 3676669, at *4 (S.D.N.Y. July 6, 2016) (quoting *Dancy v. McGinley*, 141 F. Supp. 3d 231, 238 (S.D.N.Y. 2015)) (quotation marks omitted). The simplicity of a case may be enhanced, and the fee properly reduced, when the case is litigated by an attorney who has substantial experience in litigating similar cases. *See, e.g.*, *Spalluto*, 2008 WL 4525372, at *13 ("I agree that the issues in this case were rather simple, especially in light of the Fuller firm's experience in ADA cases . . . [and] the similarity between the facts and legal issues in this case and others handled by the Fuller attorneys."); *id.* (observing that the Fuller firm has "pursued dozens of [ADA] actions against various hotels in federal courts . . . These cases involve identical legal issues and similar factual issues. The duplicitous nature of the litigation warrants a reduction in the law firm's fee award"). Swartz provides no argument, nor is there anything in the record that suggests that this case was anything but a garden-variety ADA case. The Court finds that the lack of complexity or novel issues justifies a downward reduction in Plaintiff's requested rate.

The Court takes into account all of the considerations relevant to a determination of the reasonable hourly rate, and awards Plaintiff attorney's fees for Mr. Fuller's work on this case at the reasonable hourly rate of $400.

### ii. *Number of Hours Reasonably Expended*

Defendant asserts that a number of Mr. Fuller's recorded time expenditures are excessive, redundant, or otherwise unnecessary. Def.'s Opp'n at 9. Defendant requests that, at minimum, the Court deduct 10.6 hours of time it deems excessive or insufficiently documented, 4.7 hours of allegedly duplicative time, and 4 hours of time described in an overly vague manner. *Id.* at 9-10.

The fee applicant bears the burden of demonstrating the number of hours expended and the type of work performed through contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). The records, however, need not specify "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 477 (S.D.N.Y. 1989) (internal quotation marks and citations omitted). The court has an obligation to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In determining whether hours should be excluded, the inquiry is not based on what effort appears necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Harrell v. Van der Plas*, 2009 WL 3756327, at *6 (S.D.N.Y. Nov. 9, 2009) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)); *see also Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994) (finding that "[c]ounsel for the prevailing party must exercise 'billing judgment;' that is, he must act as he would under the ethical and market restraints that constrain a private sector attorney's behavior in billing his own clients") (citation omitted).

Defendant argues that certain time expenditures by Mr. Fuller are excessive because either Mr. Fuller "routinely overstates or exaggerates the time spent on activities and bills more time than is reasonable for the work conducted by an experienced litigator," or he did not keep contemporaneous records of his time expenditures and inaccurately reconstructed them after the fact. Def.'s Opp'n at 9. First, Defendant identifies a series of telephone calls that it claims are either mistakenly or intentionally excessive because Defendant's counsel's corresponding time

9

entries reflect less time billed for the same calls. Rodriguez Decl. ¶ 12.

The Court finds that the amount of time that Mr. Fuller billed for these telephone calls is reasonable, and that the discrepancies between the parties' billing records do not suggest that Mr. Fuller billed excessively or that he failed to keep contemporaneous records. Mr. Fuller's records for these phone calls include the date, the amount of time expended, the nature of the work performed, and are sufficient for the Court to conclude that a reasonable attorney would have engaged in similar time expenditures for these phone calls. Moreover, even if these entries were slightly inaccurate, they do not indicate that Mr. Fuller generally failed to keep accurate, contemporaneous timesheets. *See Castillo v. Time Warner Cable of New York City*, No. 09 CIV. 7644 PAC, 2013 WL 1759558, at *2 (S.D.N.Y. Apr. 24, 2013) ("[A] limited inaccuracy in the entries . . . did not suggest that counsel's transcriptions were not based on actual contemporaneous timesheets . . . Time records should be accurate, but limited or overlooked errors do not compel the conclusion that there was a complete failure to keep any records") (citing *David v. Sullivan*, 777 F.Supp. 212, 223 (E.D.N.Y.1991)).

Defendant further identifies several additional entries for time Mr. Fuller spent reviewing and drafting documents that it deems excessive or duplicative. Rodriguez Decl. ¶¶ 13, 15, 16. The Court finds that both the alleged "excessive" and "duplicative" time entries, are, to the contrary, consistent with the amount of time a reasonable attorney would spend reviewing and drafting documents for this case.[1]

Lastly, Defendant also identifies two entries that it contends are too vague to be compensable. *Id.* ¶ 17. The entries describe time spent "[r]eviewing Defendant's procedures in

---

[1] The Court notes that Swartz removed three of the "duplicative" entries, dated November 6, 2017, from its revised bill attached as an exhibit to her reply memorandum.

discovery responses" and "further work on responses to discovery from Defendant."  Pl.'s Mem. Ex. 5 at 3.  These entries are not specific enough to allow the Court to determine their reasonableness.  *Coakley v. Webb*, No. 14 CIV. 8438 (ER), 2016 WL 1047079, at *7 (S.D.N.Y. Mar. 10, 2016).  The Court finds that these time entries are indeed overly vague and deducts the full 4 hours of time spent on these tasks.

### iii. Paralegal Fees

In addition to attorney's fees, Plaintiff seeks compensation for 0.8 hours of paralegal work at a rate of $115 per hour for time spent "[t]asking dates set by Court in Scheduling Order."  Pl.'s Mem. Ex. 5 at 4.  Defendant argues that the Court should deduct the paralegal fees because Plaintiff failed to provide information about the paralegal's qualifications and experience.  Def.'s Opp'n at 10.  The appropriate paralegal rate is determined by the prevailing market rate in the District.  *Spalluto v. Trump Int'l Hotel & Tower*, No. 04CIV.7497 (RJS) (HBP), 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008).  The Court finds that $115 per hour is a reasonable hourly rate for the paralegal services provided in this case.  *See id.* (collecting cases reflecting a range of market rates for paralegals between $50 and $150 per hour).  Although Plaintiff did not provide information about the paralegal's qualifications, "given the type of work to which paralegals are limited, [the paralegal's] credentials would have no impact on the compensability of their time." *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, No. 04 CIV. 7174 SASJCF, 2005 WL 3338555, at *4 (S.D.N.Y. Dec. 7, 2005).  The Court also finds that 0.8 hours is a reasonable

amount of time to spend for the described activity, and therefore declines to make any reductions to the paralegal's billed time.

> *iv. Travel Fees and Expenses*

Swartz requests that the Court award attorney's fees for 50% of the 8 hours Mr. Fuller spent travelling. Pl.'s Mem ¶ 10. Plaintiff also requests reimbursement of $1000 of travel expenses incurred by Mr. Fuller and Plaintiff's expert, Ms. Durbin. *Id.* Ex. 5 at 3, 5. Defendant argues that Swartz is not entitled to any amount of attorney's fees for travel because a reasonable client would not pay for an out-of-state attorney when equally competent local counsel is available. Def.'s Opp'n at 8. Defendant also argues that Swartz is not entitled to reimbursement of travel expenses because she failed to provide documentary evidence of these expenses. *Id.* at 11.

It is true that "courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent." *Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012). However, "[e]xpenses and fees related to travel must be excluded from an award of attorneys' fees if the hypothetical reasonable client who wishes to spend the least amount necessary to litigate the matter . . . would have retained local counsel." *U.S. ex rel. Feldman v. Van Gorp*, No. 03 CIV. 8135 WHP, 2011 WL 651829, at *3 (S.D.N.Y. Feb. 9, 2011) (citing *Imbeault v. Rick's Cabaret Int'l, Inc.*, 08 Civ. 5458(GEL), 2009 WL 2482134, at *8 (S.D.N.Y. Aug. 13, 2009)) (quotation marks omitted).

The cases Swartz relies upon to justify an award of attorney's fees and expenses for travel are mostly inapposite. First, *Kreisler v. Second Ave. Diner Corp.* No. 10 CIV. 7592 RJS, 2013 WL 3965247, at *2 (S.D.N.Y. July 31, 2013) is distinguishable because it awarded attorney's

fees at a 50% reduced rate for *local* rather than out-of-state travel. Next, *Mister Sprout*, 881 F. Supp. 2d 482, 491 contradicts Plaintiff's argument because it declined to award the type of fees she requests, stating that "in light of the Second Circuit's emphasis that a reasonable client usually hires counsel from within his district, *see Arbor Hill*, 522 F.3d at 191, fees associated solely with respondent's attorney's round trip travel from Ohio are not compensable." Swartz is correct that in *Access 4 All*, 2006 WL 196969 the Court awarded the plaintiff *expenses* for non-local travel, but it did not award *attorney's fees*. This ruling is also distinguishable from the instant case because the defendant in *Access 4 All*, 2006 WL 196969 did not argue that expenses for non-local travel were unreasonable or insufficiently documented. *Id.* at *4 (granting non-local travel expenses because "plaintiffs are, within reason, entitled to select the professionals they believe are best suited for the work that they anticipate.")

To the extent *Access 4* All, 2006 WL 196969 supports Plaintiff's request for travel fees and expenses, the Court disagrees with its reasoning. An award of attorney's fees and expenses for travel must be based on evidence of reasonableness sufficient to meet the standards set out for awarding attorney's fees and costs in general; a plaintiff must prove the reasonableness of fees and expenses incurred due to its decision to hire out-of-state professionals. *See Harty v. Par Builders, Inc.,* No. 12-CV-2246 (CS), 2016 WL 616397, at *6 (S.D.N.Y. Feb. 16, 2016) (declining to award travel fees and expenses to non-local counsel because the "[p]laintiff [did] not argue that equally qualified local counsel was unavailable, and offer[ed] no legitimate reason why he declined to hire local counsel as opposed to counsel based in Florida and Pennsylvania"); *see also Feldman*, 2011 WL 651829, at *3 n.2 ("[H]ours spent travelling by out-of-district attorneys are not hours 'reasonably expended' where competent counsel is available within the district.") The Court deducts the requested 8 hours of fees and $1000 in expenses incurred for

13

non-local travel because it finds it was not reasonable for Swartz to incur the additional expenses of hiring a non-local attorney and expert.

### B. Costs

Plaintiff requests reimbursement of a total of $10,260 in non-travel related litigation expenses, including expert fees totaling $8,500. Pl.'s Reply Ex. 1. Defendant argues that it should not be required to pay for these expenses, except for a filing fee and a portion of the expert fees, because the expenses are either non-compensable or insufficiently documented. Def.'s Opp'n at 12-14.

"The court in its discretion may award a prevailing party its reasonable costs pursuant to the ADA. [A]wards of attorney's fees in civil rights suits under fee-shifting statutes . . . normally include those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Spalluto v. Trump Int'l Hotel & Tower*, No. 04CIV.7497 (RJS) (HBP), 2008 WL 4525372, at *18 (S.D.N.Y. Oct. 2, 2008) (internal citations and quotation marks omitted). It is well-established that "[u]nder the ADA, a court may award a plaintiff its expert witnesses' reasonable fees as a litigation expense." *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04CIV.6620 (GBD)(FM), 2006 WL 196969, at *4 (S.D.N.Y. Jan. 26, 2006) (internal citations and quotation marks omitted). The plaintiff bears the burden of proving its reasonable costs, which a court may reduce if the plaintiff fails to submit adequate supporting documentation. *Spalluto*, 2008 WL 4525372, at *19 (collecting cases) (reducing the plaintiff's costs by 25% for lack of supporting documentation).

Swartz seeks a total of $8,500 in fees for work performed by its expert, Ms. Durbin. Pl.'s Mem. Ex. 5 at 5. Defendant argues that the expert fees should be reduced to $3,750 because

14

Defendant allegedly has not had the opportunity to review the full extent of Ms. Durbin's work product reflected in charges totaling $4,750. Def.'s Opp'n at 13. Swartz provides Ms. Durbin's resume, her two expert reports, and three bills containing the dates, time expenditures, and sufficient descriptions of the work performed. Pl.'s Mem. Exs. 2-4. The Court awards the full amount of requested expert witness fees because the documentation was sufficient to determine that Ms. Durbin produced reports that Swartz relied on to obtain the settlement, and that the costs were reasonable. *See Access 4 All*, 2006 WL 196969, at *4 (granting expert's fees when there was no doubt the expert conducted two inspections of the premises and that plaintiffs relied on the inspections and reports in prosecuting the case).

Defendant also challenges a request for $200 for a title search, $135 for service of process, and $50 in photocopying costs due to Plaintiff's failure to provide supporting documentation for these expenses. Def.'s Opp'n at 12. It is true that Plaintiff does not provide any information about these expenses besides the dates and the claimed dollar amounts. However, the Court finds that this is sufficient to determine that the expenses are reasonable in this litigation and awards the full amount for each of these charges.

Additionally, Defendant challenges the $225 amount requested for "Open/Close File Charge" on grounds that it is a clerical, non-compensable cost. *Id.* The Court deducts this charge because Swartz fails to support it, and it appears to be "part of general office overhead that is compensated through attorneys' fees." *Disabled Patriots of Am., Inc. v. Niagara Grp. Hotels, LLC*, 688 F. Supp. 2d 216, 228 (W.D.N.Y. 2010) (citing *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.1998)) (rejecting the same charge).

Lastly, the Court will not award a requested $750 re-inspection fee. Again, Swartz fails to provide any supporting documentation for this expense, which is not on its face reasonable.

Without more, the Court agrees with other courts that have found this to be a non-compensable charge. *E.g., id.* ("[T]here is no basis for assessing against the defendant the costs of monitoring compliance where the monitoring entity has not been identified and the work has not been performed")

## IV. Conclusion

For the reasons set forth above, the Court awards Plaintiff $27,252 in fees and $9,285 in costs, for a total award of $36,537. The Clerk of Court is respectfully directed to enter judgment accordingly, terminate the motion, Doc. 25, and close this case.

It is SO ORDERED.

Dated: October 31, 2018
 New York, New York

Edgardo Ramos, U.S.D.J.
United States District Judge